[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife brought this action for a dissolution of marriage by complaint returnable May 5, 1992. In her complaint, she also sought custody and support of the parties' two minor children, alimony and a fair and equitable property settlement. The defendant husband filed no answer or cross complaint, but filed written proposed orders and claims for relief. Both parties were represented by counsel and agreed at the outset of trial to a joint legal custody order of the minor children with primary residence with the wife; a specific visitation schedule with the husband; that no periodic alimony be paid or received by either; that the defendant husband maintain health insurance for the benefit of the children and that the parties equally share unreimbursed and uncovered health expenses for the children; they also agreed on and have separated their personal property; and, finally, agreed that the defendant would provide a life insurance policy on his life for the benefit of the children. The parties were at issue on an assignment of the defendant's estate, the amount of child support, the allocation of income tax dependency exemptions and an arrearage for some unpaid dental and medical bills for the children, the payment of health insurance premiums for the wife and the cause of the breakdown of the marriage.
Each spouse testified and the parties introduced several documents into evidence and submitted financial affidavits and a child support guidelines worksheet. After oral argument, the court requested that the parties to file a custody affidavit, an advisement of rights, and a corrected child CT Page 8712 support guidelines worksheet, and to submit a stipulation as to the cost of converted health insurance for the wife.
The court also ordered the parties to participate in the "Parenting Education Program," pursuant to 1993 Public Acts, No. 93-319.
From the evidence, the court finds the following facts.
The plaintiff wife, Cindy Allen, whose maiden name was Cindy Barron, married the defendant husband, John R. Allen, on December 17, 1988, at Stonington, Connecticut. One party has resided in this state continuously for at least one year before the filing of the complaint, April 13, 1992. The parties have one minor child, Stephanie D. Allen, issue of the marriage, born March 7, 1989. The parties' other minor child, Steven J. Allen, born to the wife on July 1, 1988, was adopted by the defendant. No other minor children were born to the wife since the date of the marriage, and neither spouse nor either of the children are recipients of public assistance. All statutory stays have expired and this court has jurisdiction.
The wife is 27 years of age, a high school graduate, works as a bus driver when school is in session and collects unemployment when not. She earns $175[1] per week gross and $150 per week net.
The husband is 34 years of age and has two years of college. He works as a clerk-receiver for a supermarket chain. Including a small amount of overtime, he earns $667 per week gross, $509[2] per week net.
The wife testified that the marriage broke down due to lack of communication and was troubled from the beginning. The parties attempted counseling, which the defendant still continues in. She began an affair with a male companion in early 1992 and moved out of the family home in May, 1992, and the parties have been separated since. She now resides with a new male companion in a mobile home owned by them. The defendant conceded that there were communication problems, but he loved his wife and that the cause of the breakdown was the wife's love affair; despite the affair, he still attempted to improve the marital relationship, but was unable to. On this evidence, I find the marriage has broken down irretrievably, and CT Page 8713 that the wife bears the greater responsibility for its destruction.
Apart from the parties' tangible personal property, motor vehicles, the wife's one-half interest in a mobile home and modest bank accounts, they have only one significant asset, the jointly-owned marital dwelling, No. 73 Kimball Road, Lisbon, Connecticut. The husband, using the proceeds of his personal injury settlement, bought the dwelling lot of over four acres for $45,000 in 1987. With a mortgage for $109,800, he then bought a modular home. He also obtained a loan from his grandmother for $7,000 which went into the house. The loan was later forgiven. The total cost of the house, lot, site work, etc. was about $141,000. Its present value I find is $116,000, less the principal mortgage balance of $107,500, leaving equity of $8,500, and a `paper loss' of about $25,000.
The parties commingled their funds when they began to live together and during the marriage. The wife earned gross annual income ranging from $11,754 to $8,146 during the five-year period from 1987 to 1991 inclusive, all of which funds went for family purposes and household needs. During this litigation, the wife voluntarily accepted $80 per week, less than the guidelines-suggested child support of $200 per week, for a period of about 32 weeks to assist the defendant to be able to preserve and maintain the house.
The defendant has greater earnings, earning capacity and employability than the wife, and thus a greater opportunity to acquire capital assets and income in the future than she has.
The defendant has also made larger monetary contributions to the acquisition and preservation of the marital assets than the wife has. She has been the primary homemaker and caregiver to the children and has had physical custody of them since the parties' separation. Her non-monetary contributions exceeded those of the defendant.
The court has considered all of the factors in General Statutes §§ 46b-81, 46b-82 and 46b-84 in the light of the evidence and orders as follows:
(1) Judgment may enter dissolving the marriage on the ground of irretrievable breakdown. CT Page 8714
(2) Joint legal custody of the minor children is awarded to the parties; primary physical residence with mother, reasonable rights of visitation to the father as follows:
 Every other weekend from Friday afternoon until Sunday at 8 p. m., during summer; to 7 p. m. when school is in session. The parties shall alternate Christmas and Thanksgiving holidays as follows: in even years beginning 1994, father to have the children on Christmas Eve from 7 p. m. to 12 noon Christmas Day, and mother Christmas Day through New Year's Day; mother shall have the children for the Wednesday after school during the Thanksgiving holiday for the entire weekend, and the reverse in odd years;
 Easter Sunday and Halloween will be alternated;
 Each shall have two consecutive uninterrupted weeks in the summer;
 Father, Father's Day; mother, Mother's Day.
(3) Defendant to pay as total child support the sum of $188 per week for both children, which is the amount suggested by the guidelines, to be secured by a contingent wage garnishment. The parents are further responsible for child support pursuant to 1994 Public Acts, No. 94-61(b). If the garnishment goes into effect, payments are to be made directly to her. The defendant shall be entitled to claim both children as dependent exemptions for income tax purposes if he is current as of the end of the calendar year.
(4) Defendant shall maintain the children on his job-related health insurance coverage. Each party shall pay one-half of the uncovered or unreimbursed health care expenses. A General Statutes § 46b-84(c) order shall be in effect.
(5) The plaintiff shall quitclaim all her right, title and interest in and to the property at 73 Kimball Road, Lisbon, Connecticut, to the defendant, subject to all CT Page 8715 encumbrances thereon which he shall pay and save her harmless therefrom.
(6) As a property settlement, the defendant shall pay to the plaintiff the sum of $2,750 in equal monthly instalments of $50 commencing October 1, 1994, and the first of each month thereafter, until paid. Said sum shall be secured by a note and second mortgage on said premises and shall become immediately due and payable in the event of the defendant's death or sale of the premises or failure to make any monthly payment within thirty (30) days of its due date. Said note shall contain provisions for attorney's fees and interest to accrue at the rate of six (6%) percent per annum in the event ot of default.
(7) The defendant shall irrevocably designate the minor children as beneficiaries of his job-related life insurance in the amount of $15,000 through his union until the youngest child reaches 18. He shall execute and deliver an authorization to the wife directed to said carrier so she may determine the good standing of said policy.
(8) No alimony or attorney's fees are awarded to either party.
(9) Each shall have the personal property shown on their respective financial affidavits filed August 26, 1994, and the plaintiff shall have and own her interest in the mobile home free of the husband's claims.
(10) Each shall pay the liabilities shown on their financial affidavits, and the defendant shall pay the plaintiff the sum of $150 on account of past due dental and medical bills for the children. All such future health care bills shall be processed pursuant to § 46b-84(c).
(11) The plaintiff shall have the microwave and the six-piece Tupperware microwave set.
(12) The defendant shall cooperate with the plaintiff if she desires to continue health insurance under the defendant's group health insurance under applicable law. As the parties have not provided the court with evidence as to the cost of said insurance coverage, the court declines to enter any orders with respect to premium payments thereof. CT Page 8716
(13) As stated in the body of this memorandum, the parents are ordered to participate in the Parenting Education Program pursuant to 1993 Public Acts, No. 93-319.
(14) All documents of title and other instruments necessary or incidental to the effectuation of these orders shall be executed and exchanged within thirty (30) days hereof.
Teller, J.